UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>        Plaintiff,<br><br>    v.<br><br>J. PELUSO, et al.,<br><br>        Defendants. | No.  2:25-cv-03303 SCR P<br><br><br>ORDER AND<br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is incarcerated in state prison and proceeding pro se with this civil rights action under 42 U.S.C. § 1983.  Plaintiff has not paid the filing free for this action or sought leave to proceed in forma pauperis.  On December 3, 2025, the undersigned determined that plaintiff had accrued three strikes pursuant to 28 U.S.C. § 1915(g)[1] and ordered plaintiff to pay the entire $405.00 filing fee within thirty days.  ECF No. 3.  More than thirty days have passed, and plaintiff has not paid the filing fee or otherwise responded to that order.  Accordingly, the undersigned recommends plaintiff's complaint be dismissed without prejudice for failure to pay the required filing fee, 28 U.S.C. § 1914(a), and failure to follow a court order.  Local Rule 110.

---

[1]  Section 1915(g) states that "[i]n no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

1

A party to a civil action who is not proceeding in forma pauperis must pay the filing fee. See 28 U.S.C. § 1914(a).  A court may dismiss an action when a party fails to pay that fee. See Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995) (upholding district court's authority to dismiss a complaint without prejudice for failure to pay filing fee).  In this case, Plaintiff's failure to pay the fee merits dismissal without prejudice.

Plaintiff's failure to comply with the undersigned's order dated December 3, 2025, also warrants dismissal of this action.  When deciding whether to recommend dismissal for failure to comply with a court order, the court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citation omitted).  "The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  The court's need to manage its docket also weighs in favor of dismissal, particularly given the heavy caseload in this district.  The third factor is neutral given that defendants were not served, but "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan v. Galaza, 291 f.3d 639, 643 (9th Cir. 2002).  The fourth factor weighs against dismissal, but less so if plaintiff is not precluded from litigating this matter.  The court has considered less drastic alternatives and concludes that dismissal without prejudice is appropriate.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assigned a district judge to this matter.

In addition, IT IS HEREBY RECOMMENDED that the action be dismissed without prejudice for failure to pay the filing free, 28 U.S.C. § 1914(a), and failure to comply with a court order, Local Rule 110.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections

with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 20, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3